UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| JOSE R. RAMIREZ-RIVERA,<br><br>        Plaintiff,<br><br>        v.<br><br>LOUIS DEJOY,<br>UNITED STATES POSTMASTER GENERAL,<br><br>        Defendant. | Civil Action No.<br>3:21-cv-01158-WGY |

YOUNG, D.J.[1]                                                September 21, 2023

**ORDER**

Defendant Louis DeJoy, United States Postmaster General's ("DeJoy") Motion for Summary Judgment (ECF No. 17) is ALLOWED, plaintiff Jose R. Ramirez-Rivera ("Ramirez-Rivera") action is DISMISSED with prejudice, and judgment shall enter in favor of DeJoy forthwith.

Ramirez-Rivera brought a one-count claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., based upon purported national origin discrimination against DeJoy. Am. Compl., ECF No. 5. After discovery ended, DeJoy filed a motion for summary judgment, Mot. Summ. J ECF No. 17, along with a statement of material uncontested facts ("SUMF"), ECF No. 18,

---

[1] Of the District of Massachusetts, sitting by designation.

and a memorandum of law in support, Mem. Law Supp. Mot. Summ. J. ("DeJoy Mem."), ECF No. 19.  Ramirez-Rivera filed an opposition without an opposing statement of facts, attaching only his answers to interrogatories. Mot. Opp. Mot. Summ. J. ("Opp.").

On November 28, 2022, DeJoy filed an unopposed motion to file a reply arguing under Rodriguez-Severino v. UTC Aerospace Sys., 52 F.4th 448 (1st Cir. 2022), that Ramiriez-Rivera's failure to submit a response to the SUMF warranted adoption fo the SUMF and allowance of the summary judgment motion.  Reply Pl.'s Opp. Def.'s Mot. Summ. J. ("Reply") 2-5, ECF No. 24. Ramirez-Rivera neither sought to file a surreply, nor seek leave to submit a proper response to DeJoy's SUMF.

On April 6, 2023, DeJoy filed an Informative Motion Regarding Supplemental Authority in Support of Defendant's Motion for Summary Judgment, ECF No. 26, bringing to the Court's attention Lopez-Hernandez v. Terumo Puerto Rico LLC, 64 F.4th 22, 26 (1st Cir. 2023) on the issue of failure to comply with Local Rule 56.  Again, to date, Ramirez-Rivera has filed nothing in response, nor sought leave to file a response to the SUMF.

Based upon the filings, it appears that Ramirez-Rivera did not undertake discovery in this action, as there are no references to deposition transcripts of any witnesses taken by Ramirez-Rivera, nor interrogatory answers of DeJoy.

[2]

Pursuant to Local Rule 56(e), the parties must submit statements of fact and oppositions thereto, and "[f]acts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." Local Rule 56(e). "The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." Id.

As the First Circuit in Lopez-Hernandez explained, "Local Rule 56 is in service to Federal Rule of Civil Procedure 56." Lopez-Hernandez, 64 F.4th at 26 (quoting Tropigas de P.R., Inc. v. Certain Underwriters at Lloyd's of London, 637 F.3d 53, 56 (1st Cir. 2011)). It is an "anti-ferret rule . . . intended to protect the district court from perusing through the summary judgment record in search of disputed material facts and prevent litigants from shifting that burden onto the court." Id.

The First Circuit also observed that "violations of this local rule are **astoundingly common and constitute an unnecessary burden to the trial court's docket and time, and frequently make their way before [the First Circuit] for review**" and it has "**repeatedly emphasized the importance of complying with [Local Rule 56] and . . . implored litigants to comply or ignore [Local Rule 56] at their peril.**" Id. (emphasis added). Indeed, "[u]nder Local Rule 56, a district court is free, in the

[3]

exercise of its sound discretion, to accept the moving party's facts as stated . . . when the statements contained in the movant's Statement of Uncontested Facts . . . are not properly controverted." Id.

The First Circuit's repeated admonition on this issue in the last few years, places the Puerto Rico federal bar on clear notice that compliance with Local Rule 56 is a mandate, not a suggestion.  As this Court recently explained last Spring, in Baez v. DeJoy, No. 3:19-CV-01558-WGY, 2023 WL 3766080, at *1 (D.P.R. June 1, 2023) this Court has oftentimes, in its exercise of discretion, excused technical defalcations where the statements of fact are imperfectly made.  In this action however, similar to Baez, while there is a section in Ramirez-Rivera's opposition entitled "Statement of Fact," there is no attempt to comply with Local Rule 56 at all.  Again, similar to Baez, even after being made aware of Ramirez-Rivera's failure to comply in Dejoy's Reply, Ramirez-Rivera failed to seek leave to correct the defalcation.  Accordingly, the Court, in its sound discretion, allows DeJoy's requested relief under Local Rule 56(e), and accepts the well-supported SUMF, as stated, Lopez-Hernandez, 64 F.4th at 26, and applies those undisputed facts to the Title VII national origin discrimination claim at bar.

The First Circuit has recently re-stated the well-known summary judgment standard.

[4]

> Summary judgment is proper when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). At summary judgment, "the judge's function is not himself [or herself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); see also Dusel v. Factory Mut. Ins. Co., 52 F.4th 495, 503 (1st Cir. 2022).

Lopez-Hernandez v. Terumo Puerto Rico LLC, 21-1363, 64 F.4th 22, 27-28 (1st Cir. Mar. 30, 2023). This Court must "draw all reasonable inferences in the nonmovant's favor," but does not "'draw unreasonable inferences or credit bald assertions, empty conclusions, rank conjecture, or vitriolic invective.'" Id. at 28(quoting Cabán Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 8 (1st Cir. 2007)).

"Title VII makes it unlawful for an employer to discharge or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion sex, or national origin." Anchante v. McDonough, No. CV 18-1855 (CVR), 2023 WL 3727528, at *8 (D.P.R. May 30, 2023) (Velez-Rive, J.) (citing 42 U.S.C. § 2000e-2(a)(1)). The method of proving such a claim is well-trodden ground for this Court: "In making a claim for employment discrimination, a plaintiff may rely on direct evidence or by using the prima facie case and the now familiar burden shifting method from McDonnell Douglas Corp. v.

Green, 411 U.S. 792, 93 S.Ct. 1817, (1973). In sum, "[t]he Court's job is . . . to examine the evidence presented as a whole and determine whether it is sufficient for a reasonable factfinder to determine that the employer's decision was motivated by a discriminatory animus based on membership in a protected class. Id. (citing Hidalgo v. Overseas Condado Ins. Agencies, Inc., 120 F.3d 328, 335 (1st Cir. 1997) and LeBlanc v. Great American Ins. Co., 6 F.3d 836, 843 (1st Cir.1993)).

    Here, based upon the adopted undisputed facts of the SUMF, Ramirez-Rivera cannot prove that DeJoy discriminated against Ramirez-Rivera on the basis of his national origin under Title VII. In particular, the key, undisputed adopted fact is that "[n]ational origin was not a factor in the decision making to appoint **any** employees, including Plaintiff, to the acting . . . detail" at issue in this action. SUMF ¶ 22 (emphasis added). Even if not accepted as a deemed admitted fact, Ramiriez-Rivera's deposition testimony and interrogatories are wholly speculative with respect to influence or veto power his supervisor may have had. He has no personal knowledge or evidence of the decision-making process, and apparently undertook no discovery in this action. Even if his supervisor made a statement to the effect that he did not like Puerto Ricans, there is no linkage between this statement and a decision by others to not approve his original detail earlier or

[6]

extend his temporary detail for a fourth time. Accordingly, the motion for summary judgment (ECF No. 17) is <u>ALLOWED</u>, the action is <u>DISMISSED</u> with prejudice, and judgment shall enter in favor of DeJoy.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE